IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RANDALL DUCHESNEAU | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-4856 |
| | : | |
| CORNELL UNIVERSITY, et al. | : | |
| Defendant. | : | |

## **M E M O R A N D U M**

Presently before this Court is Defendant Cornell University's Motion to Overrule Plaintiff's Objections and Compel Discrete Responses to Defendant's Requests for Admission Nos. 2-5, 7, 9, and 19-22 (Doc. No. 32). Plaintiff has opposed this motion (Doc. No. 35). By Order dated September 8, 2010, Judge C. Darnell Jones referred this discovery motion to the undersigned for disposition. I heard Oral Argument on this motion on October 5, 2010.

As more fully set forth herein, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARD

"It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Guinan v. A.I. duPont Hosp. for Children*, No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (quoting *Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983)). As long as the information is relevant to the pending subject matter and not privileged, parties may utilize various discovery tools, even if the requested information would not be admissible at trial. *Id.* (citing FED. R. CIV. P. 26(b)(1)).

A party may serve requests for admission upon the opposing party concerning "statements

1

or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." *Creely v. Genesis Health Ventures, Inc.*, No. 04-0679, 2005 WL 44526, at *2 (E.D. Pa. Jan. 10, 2005) (quoting FED. R. CIV. P. 36(a)). "The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." *Guinan*, 2008 WL 938874, at *1 (citing *Creely*, 2005 WL 44526, at * 2)). The requests should seek to establish facts already known by the party. *Creely*, 2005 WL 44526, at *2 (quoting *Ghazerian v. United States*, No. 89-900, 1991 WL 30746, at *1 (E.D. Pa. Mar. 5, 1991) (citation omitted)). Parties should limit requests to simple and concise statements of fact that "can be denied or admitted with an absolute minimum of explanation or qualification." *Anthony v. Cabot Corp.*, No. 06-4419, 2008 WL 2645152, at *1 (E.D. Pa. July 3, 2008) (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968-69 (3d Cir. 1988)).

If the opposing party objects to the request for admission, the requesting party can seek a judicial determination of the objection's sufficiency. *Guinan*, 2008 WL 938874, at *1 (citing *United States v. Lorenzo*, No. 89-6933, 1990 WL 83388, at *1 (E.D. Pa. June 14, 1990)). "In evaluating the sufficiency of the answers/objections, court should consider: (1) whether the denial fairly meets the substance of the Request; (2) whether good faith requires that the denial be qualified; and (3) whether any 'qualification' which has been supplied is a good faith qualification." *McCarthy v. Darman*, No. 07-3968, 2008 WL 2468694, at *2 (E.D. Pa. June 17, 2008) (citing *Guinan*, 2008 WL 938874, at *1) (citation omitted). Essentially, the court should compel an answer unless the objection is justifiable. *Creely*, 2005 WL 44526, at *2.

An objection merely stating that the request is "overly broad, burdensome, oppressive,

vague or irrelevant is 'not adequate to voice a successful objection.'" *Id.* (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (E.D. Pa. 1982)). Rather, the objecting party must state specific reasons supporting such grounds. *Id.* Courts should not tolerate objections or denials based upon "hair-splitting distinctions that frustrate the purpose of the Request." *Anthony*, 2008 WL 2645152, at *1. A party may not object merely because of an unwarranted inference created by a request for admission taken out of context. *See id.* (citing *McCarthy*, 2008 WL 2468694, at *4); *see also Caruso v. Coleman Co.*, No. 93-6733, 1995 WL 347003, at *1 (E.D. Pa. June 7, 2005) (citing *Diederich v. Dept. of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). Instead, the proper response is an admission or denial with sufficient qualification. *Anthony*, 2008 WL 2645152, at *1.

On the other hand, a request for admission that calls for a legal conclusion that is one of the ultimate issues of the case is properly objectionable. *McCarthy*, 2008 WL 2468694, at *1 (quoting *First Options of Chicago, Inc. v. Wallenstein*, No. 92-5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996)). However, the mere presence of legal conclusions in a request for admission does not create a proper objection. *Id.* A request for admission that applies law to the facts is also not objectionable. *Penzak v. Allstate Ins. Co.*, No. 07-1052, 2007 WL 1166087, at *4 (E.D. Pa. Apr. 16, 2007) (citing Fed. R. Civ. P. 36); *see also First Options of Chicago*, 1996 WL 729816, at *3. "Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the essential truth contained therein are impermissible and must be amended." *McCarthy*, 2008 WL 2468694, at *2 (quoting *Guinan*, 2008 WL 938874, at *1) (citation omitted). Therefore, such requests must be admitted or denied. *Id.*

3

## II. DISCUSSION

Defendant has moved to compel answers to Requests for Admission Numbers 2, 3, 4, 5, 7, 9, 19, 20, 21 and 22. Applying the general legal standards set forth above, we address the sufficiency of Plaintiff's response to these requests herein.

### A. Request Numbers 2, 3, 4, and 5.

Requests 2, 3, 4, and 5 ask Plaintiff to admit that he never advised any representative of either Cornell University or the Cornell Gymnastics Club that he either did not understand or did not intend to be bound by the "Waiver and Assumption of Risk Agreement" ("Agreement") signed by Plaintiff prior to the accident at issue. Plaintiff objects to these Requests, arguing that the Requests pertain to "irrelevant information," constitute conclusions of law, and create unwarranted inferences.

Plaintiff's "relevancy" argument is based upon Plaintiff's contention that the Agreement is unenforceable under applicable law, and/or because the Agreement was signed the semester *before* the accident at issue.[1] Plaintiff's relevancy argument is unavailing. Requests 2, 3, 4, and 5 ask Plaintiff to admit that he never communicated to the University or to the Gymnastics Club that he did not understand and/or agree to be bound by the Agreement. Whether Plaintiff had any obligation to do so, or whether the Agreement might ultimately be determined unenforceable for any reason, are questions for another day. The enforceability and timing of the Agreement are inadequate bases for objection during discovery, which considers relevance, not admissibility. *See Guinan*, 2008 WL 938874, at *1 (parties may utilize discovery tools even if the requested

---

[1] Specifically, Plaintiff argues that the information requested is irrelevant because the Agreement was executed during the spring semester, on March 3, 2006 and the accident occurred during the fall semester, on October 12, 2006.

information would not be admissible at trial).

Plaintiff further objects to these Requests on the grounds that they call for a legal conclusion. This is inaccurate. The Requests inquire into a simple matter of fact: did Plaintiff, or did Plaintiff not, inform the defendant that he did not understand and/or did not intend to be bound by the Agreement?

As to Requests 4 and 5, Plaintiff objected to these Requests, arguing that description of Cornell Gymnastics Club as "an independent student organization" creates an unwarranted inference that Cornell University had no duty to provide a safe environment. It is not necessary to address this objection, because Defendant has agreed to re-draft these Requests to strike this disputed parenthetical language, "an independent student organization." After such a modification, the Requests contain simple and concise statements that can be denied or admitted with minimal need for explanation or qualification. *Anthony*, 2008 WL 2645152, at *1.

***Defendant's Motion to Compel Responses to Requests for Admission Numbers 2, 3, 4, and 5 is GRANTED. Defendant shall re-draft Requests 4 and 5, striking the phrase "an independent student organization." Thereafter, Defendant's motion to overrule Plaintiff's objections and compel discrete responses to Requests for Admission Numbers 2, 3, 4, and 5 is GRANTED.***

### B. Request Number 7.

Request Number 7 seeks to establish whether Plaintiff submitted information and agreed to the terms of the "Agreement for a Contracted Independent Organization" when he registered Absolute Zero as an independent student organization at Cornell University. Plaintiff objects to this Request, again on the basis of relevancy, and on the grounds that the Request calls for a legal conclusion.

5

Request Number 7 merely asks Plaintiff to admit or deny whether he: (1) submitted information to a website to register his club as an independent student organization, and (2) indicated his agreement to the terms of registration as set forth in the registration agreement. The Request is specifically factual in nature - as a factual matter, he either did, or did not, register the organization, and either did, or did not, agree to the terms. This Request is relevant because it seeks to establish whether Plaintiff was aware of the registration process of the independent student organizations.

Moreover, it is not proper grounds for objection that the Request arguably implicates some legal issue that may need to be decided by the Court at the appropriate time. "Requests for Admission 'are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'" *McCarthy*, 2008 WL at *1 (quoting *First Options of Chicago, Inc. . Wallenstein*, 1996 WL 729816 at *3 (E.D. Pa., Dec. 17, 1996)). Whether there is some legal significance to the Club's so-called status as an "independent student organization" is a question for another day.

***Defendant's motion to overrule Plaintiff's objections and compel discrete responses to Request for Admission Number 7 is GRANTED.***

**C.    Request Number 9.**

Request Number 9 asks whether "Plaintiff knew that in the academic year 2006-2007 Cornell Gymnastics Team was an independent student organization as defined by the form 'Agreement for a Contracted Independent Organization . . . .'" Plaintiff objected to the Request as requiring a legal conclusion and creating unwarranted inferences.

6

Essentially, this Request seeks a factual admission – did Plaintiff know that the Cornell Gymnastics Team was an independent student organization? This does not seek a conclusion of law but rather an admission as to what Plaintiff knew (or did not know). Nevertheless, as acknowledged by Defendant at oral argument, the language "as defined by the form 'Agreement for a Contracted Independent Organization'" is unnecessary. Defendant shall re-draft the request to omit this language. Plaintiff's objections to this Request are otherwise overruled, and Plaintiff shall provide a response.

***Defendant shall amend Request for Admission Number 9 to omit "as defined by the form 'Agreement for a Contracted Independent Organization' attached hereto as Exhibit 'B.'" Thereafter, Defendant's motion to overrule Plaintiff's objection and compel a response to Request for Admission Number 9 is GRANTED.***

### D. Request Numbers 19, 20, 21, and 22.

Requests Numbers 19, 20, 21, and 22 ask Plaintiff to admit or deny that he was aware before the accident of an inherent risk of being injured in attempting the gymnastics maneuver which caused his injuries. Plaintiff's objections claim that Cornell University is asking Plaintiff to respond to a conclusion of law and has "improperly posed an incomplete and vague hypothetical situation while simultaneously demanding an admission."

The specific maneuver attempted previously was unknown by Defendant; however, Plaintiff advises that the attempted maneuver was a "standing backwards somersault." Defendant concedes that it is appropriate to identify the attempted maneuver with specificity, so that request shall be amended accordingly.

Once so amended, these Requests are sufficiently factual and, thus, not seeking legal conclusions. The Requests are not vague, and do not seek an admission to a hypothetical.

7

*Creely*, 2005 WL 44526, at *2. Instead, as revised, the Requests concern the Plaintiff's awareness of the danger involved in performing the maneuver that he actually attempted to perform. However, Defendant shall amend his Requests to refer to the maneuver as "a standing backward somersault on the TumblTrak."

***Defendant shall amend Requests for Admission Numbers 19, 20, 21, and 22 to define Plaintiff's gymnastic maneuver as "a standing backward somersault on the TumblTrak." Thereafter, Defendant's motion to overrule Plaintiff's objections and compel discrete responses to Requests for Admission Numbers 19, 20, 21, and 22 is GRANTED.***

                              BY THE COURT:

                              /s/ Lynne A. Sitarski
                              LYNNE A. SITARSKI
                              UNITED STATES MAGISTRATE JUDGE