IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL DUCHESNEAU | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.  08-4856 |
| | : | |
| CORNELL UNIVERSITY, et al. | : | |
| **Defendant.** | : | |

**MEMORANDUM AND ORDER**

LYNNE A. SITARSKI                                                                               **November 22, 2011**
**UNITED STATES MAGISTRATE JUDGE**

Presently before this Court is Defendant Cornell University's ("Cornell") Motion to

Establish Applicable Law (Doc. No. 170), Plaintiff Randall Duchesneau's ("Plaintiff") partial

opposition thereto (Doc. No. 176),[1] Cornell's reply (Doc. No. 185), and Plaintiff's surreply (Doc.

No. 194).  By Order dated October 25, 2011, the Honorable C. Darnell Jones referred this motion

to the undersigned for disposition.  As more fully set forth herein, Cornell's motion is

**GRANTED IN PART, and DENIED IN PART**.


**I.      FACTS**

The underlying litigation arises out of an accident that occurred on October 12, 2006 on

the campus of Cornell University in Ithaca, New York.  At the time of the accident, Plaintiff was

---

[1]  In his response, Plaintiff stipulated that "all issues of liability will be adjudicated under
New York law with one exception: If there is a finding of punitive damages by the jury, any
finding of comparative or contributory negligence on the part of the Plaintiff will be molded to
zero as per applicable Pennsylvania law."  *See* Pl.'s Proposed Order; *see also* Pl.'s Resp. 6.
Plaintiff also asserted that the choice of law regarding compensatory damages is not ripe and
should be dismissed without prejudice.  This Court will address these issues below.

a twenty-one years old Pennsylvania resident.[2]  Plaintiff was utilizing a TumblTrak gymnastic

tumbling training apparatus located in the Teagle Gymnasium on the Cornell campus.[3]  When

Plaintiff attempted to perform a standing back flip on the TumblTrak, he landed squarely in the

center of the apparatus, causing him to suffer catastrophic, permanent spinal injuries, which have

rendered him a quadriplegic, totally dependant on a motorized, reclined wheelchair.  As a result

of this accident, Plaintiff initiated litigation against Cornell, Cornell Gymnastics Club, and

TumblTrak, asserting negligence and products liability.[4]  (Doc. No. 1).

On October 7, 2011, Cornell filed this Motion to Establish Applicable Law, arguing that

New York law should apply to all issues in this case.  (Doc. No. 170).  Plaintiff filed his response

on October 24, 2011, asserting that although New York applies to the majority of the issues,

Pennsylvania law should apply to one issue:  the effect of willful or wanton conduct upon the

application of comparative negligence.  (Doc. No. 176).  Plaintiff also contends that Cornell's the

motion is premature to the extent it seeks a choice of law determination on the issue of

compensatory damages.  Cornell filed a reply to Plaintiff's response on November 11, 2011.

(Doc. Nos. 185 - 186).  Plaintiff filed a surreply on November 15, 2011.  (Doc. No. 194).

---

[2]  Although Plaintiff is a Pennsylvania resident, Plaintiff has lived in multiple states throughout his lifetime.  According to Cornell, Plaintiff attended boarding school in Connecticut; high school in Pennsylvania (for one year); Ithaca College in New York for the first two years of his undergraduate studies; and Cornell for the remainder of his undergraduate studies.  *See* Cornell's Mem. Law 2.  Upon graduation from Cornell in 2009, Plaintiff enrolled in graduate school at Yale University in Connecticut.  At present, Plaintiff is studying at Yale.  *Id.*  Plaintiff has not disputed any of these factual assertions.

[3]  Defendant TumblTrak, who manufactured the relevant equipment, is incorporated in Michigan.  *See* Compl. ¶¶ 3, 18.

[4]  On December 10, 2008, Plaintiff voluntarily dismissed without prejudice Defendant Cornell Gymnastics Club as a party.  (Doc. No. 11).

## II.   LEGAL STANDARD

This court has jurisdiction over Plaintiff's state law claims based upon diversity of citizenship.  In diversity cases such as this one, the choice of law rules of the forum state (i.e., Pennsylvania) apply.  *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d Cir. 2007) (*citing Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).  The seminal Pennsylvania choice of law case is *Griffith v. United Air Lines, Inc.*, 203 A.2d 796 (Pa. 1964), in which "the Pennsylvania Supreme Court expressly abandoned the 'lexi loci delicti' rule 'in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court.'"  *Hammersmith*, 480 F.3d at 227 (*quoting Griffith*, 203 A.2d at 805).  "Under this new approach, Pennsylvania courts are to apply the law of the forum with the 'most interest in the problem,' rather than the law of the place of the injury."  *Id.* (*citing Griffith*, 203 A.2d at 806).  Importantly, "[b]ecause choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case, a principle known as 'depecage.'"  *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006); *see also Taylor v. Mooney Aircraft Corp.*, 265 Fed. Appx. 87, 91 (3d Cir. 2008) (predicting that Pennsylvania courts would utilize depecage).[5]

Under this analysis, the first step is to "determine whether there is 'an actual or real conflict between the potentially applicable laws.'"  *Van Doren v. Coe Press Equip. Corp.*, 592 F. Supp.2d 776, 782 (E.D. Pa. 2008) (*quoting Hammersmith*, 480 F.3d at 229-30).  "If the

---

[5]  Although depecage is available, "mixing and matching the laws of different states in one case can readily lead to a result 'that neither state would allow . . . [since when] a court combines elements of the laws of different states it may upset the delicate balance achieved by legislative compromise.'"  *Petrokehagias v. Sky Climber, Inc.*, No. 96-6965, 1998 WL 227236, at *8 (E.D. Pa. May 4, 1998) (*quoting Schulhoff v. Ne. Cellulose, Inc.*, 545 F. Supp. 1200, 1207-08 (D. Mass. 1982)).  "[A]pplying the same law as to liability and damages . . . serves the administrative function of not creating undue confusion."  *Id.*

jurisdictions' laws differ in relevant ways, 'then the court should examine the governmental

policies underlying each law, and classify the conflict as 'true,' 'false,' or an 'unprovided for'

situation.'" *Id.* (*quoting Hammersmith*, 480 F.3d at 229-30).  A "true" conflict exists if both

jurisdictions' interests would be impaired by the application of the other's laws.  *Hammersmith*,

480 F.3d at 230.  A "false" conflict exists "'if only one jurisdiction's governmental interests

would be impaired by the application of the other jurisdiction's law.'" *Garcia v. Plaza*

*Oldsmobile Ltd.*, 421 F.3d 216, 220 (3d Cir. 2005) (*quoting Lacey v. Cessna Aircraft Co.*, 932

F.2d 170, 187 (3d Cir. 1991)).  "An 'unprovided-for' case is one in which *neither* state's interests

would be impaired if its laws were not applied." *Hammersmith*, 480 F.3d at 230 n.9 (*citing*

*Garcia*, 421 F.3d at 220).

"The choice of law analysis continues past that point only if the Court finds that there is a

'true' conflict, namely if 'both jurisdictions' interests would be impaired by the application of the

other's laws.'"[6]  *Van Doren*, 592 F. Supp.2d at 782 (*quoting Hammersmith*, 480 F.3d at 229-30).

"If a true conflict exists, then the court must determine 'which state has the greater interest in the

application of its law.'" *Id.*  "This analysis requires more than a 'mere counting of contacts.'"

*Hammersmith*, 480 F.3d at 231 (*quoting Cipolla v. Shaposka*, 267 A.2d 854, 856 (Pa. 1970)).

"'Rather, we must weigh the contacts on a qualitative scale according to their relation to the

policies and interests underlying the [particular] issue.'" *Id.* (*quoting Shields v. Consol. Rail*

*Corp.*, 810 F.2d 397, 400 (3d Cir. 1987)).  "The federal courts of the Third Circuit have

interpreted *Griffith* to mean that a court applying Pennsylvania law should use the Second

---

[6]  If a false conflict exists, the law of the only interested jurisdiction applies.  *Garcia*, 421
F.3d at 220.  If the situation presents an unprovided-for conflict, the law of the place of the
wrong applies.  *Id.*

Restatement of Conflict of Laws as a starting point, and then flesh out the issue using an interest

analysis." *Berg*, 435 F.3d at 463.

The Second Restatement utilizes different approaches depending upon the substantive

law at issue; accordingly, a court must "first characterize the particular issue before the court as

one of tort, contract, or corporate law – or some hybrid – in order to settle on a given section of

the Restatement for guidance." *Id.* In the case *sub judice*, Restatement (Second) of Conflict of

Laws § 145 applies. Section 145 "established the 'general principles to be applied and contacts

to be taken into account in choice of law determinations in tort actions.'" *See Van Doren*, 592 F.

Supp.2d at 785 (*quoting Blakesley v. Wolford*, 789 F.2d 236, 239 (3d Cir. 1986)). Section 145

states:

> (1) The rights and liabilities of the parties with respect to an issue in
> tort are determined by the local law of the state which, with respect
> to that issue, has the most significant relationship to the occurrence
> and the parties under the principles stated in § 6.[7]
>
> (2) Contacts to be taken into account in applying the principles of §
> 6 to determine the law applicable to an issue include:
>
>> (a)  the place where the injury occurred,

---

[7] Restatement (Second) of Conflict of Laws § 6 provides the following list of factors to
aid the choice of law determination:

> (a)  the needs of the interstate and international systems,
> (b)  the relevant polices of the forum,
> (c)  the relevant policies of other interested states and the relative
> interests of those states in the determination of the particular issue,
> (d)  the protection of justified expectations,
> (e)  the basic policies underlying the particular field of law,
> (f)  certainty, predictability and uniformity of result, and
> (g)  ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation
and place of business of the parties, and
(d) the place where the relationship, if any, between the
parties is centered.

These contacts are to be evaluated according to their relative
importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (1971).

"Where the site of an accident is not fortuitous, 'the place of injury assumes much greater importance, and in some cases may be determinative.'" *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1072 (3d Cir. 1996) (*quoting Shields*, 810 F.2d at 401). Courts have defined "fortuitousness" as "completely unintentional or accidental, the result of sheer happenstance." *Flickinger v. Toys R Us, Inc.*, No. 10-305, 2011 WL 2160493, at *3 (M.D. Pa. May 31, 2011). The Supreme Court of Pennsylvania has commented that "[i]nhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there." *Cipolla*, 267 A.2d at 856-57.

## III.   **DISCUSSION**

In this case, Cornell argues that only New York law should apply. As previously mentioned, Plaintiff agrees that New York law should apply to the majority of the issues presented in this case. Plaintiff, nevertheless, has asserted that: (1) Pennsylvania law should apply to an aspect of comparative negligence; and (2) the issue of which law applies to compensatory damages is not ripe for adjudication. This Court will address each argument separately.

A.      **Effect of Punitive Damages Upon the Application of Comparative Negligence**

Regarding the effect of an award of punitive damages upon the application of comparative negligence, Cornell argues that Plaintiff cannot "pick and choose" the most favorable law on different aspects of his claim. *See* Cornell's Reply 1.  Cornell further asserts that New York has a greater interest in applying its law based upon the language of the comparative negligence statute. *See id.* at 2-6.  Cornell also notes that Plaintiff's current argument is contrary to his argument opposing TumblTrak's motion for partial summary judgment on punitive damages.[8] *See id.* at 6.  In response, Plaintiff argues that Pennsylvania is the only interested jurisdiction, rendering this situation a false conflict, and thus Pennsylvania law should apply. *See* Pl.'s Resp. 10-11.

I conclude that there is an actual conflict between New York law and Pennsylvania law regarding the effect of willful or wanton conduct upon the application of comparative negligence. In Pennsylvania, the Comparative Negligence Act, 42 Pa. Cons. Stat. § 7102(a), does not apply when a defendant's conduct was willful or wanton. *Burke v. Maasson*, No. 88-8444, 1989 WL 57340, at *3 (E.D. Pa. May 30, 1989) (*citing  Krivijanski v. Union R.R. Co.*, 515 A.2d 933, 936

---

[8] In its Motion for Partial Summary Judgment, TumblTrak argues, *inter alia*, that New York law should apply to all of Plaintiff's substantive claims, except for Plaintiff's punitive damages claim, as to which TumblTrak seeks application of Michigan law. *See* TumblTrak's Mot. Partial Summ. J. 8.  In response, "Plaintiff *concedes* that New York law should apply to the substantive liability issues," including the application of punitive damages. *See* Pl.'s Resp. to TumblTrak's Mot. Partial Summ. J. 45.  Plaintiff also advances the same arguments advanced here; namely, that Pennsylvania law applies to the comparative negligence issue where punitive damages are awarded, and that the choice of law determination regarding compensatory damages is not ripe. *See id.*  In arguing that New York applies to Plaintiff's claimed entitlement to punitive damages, Plaintiff analyzes the contacts that exist with New York and Michigan. *Id.* at 47-50.  Ultimately, Plaintiff concludes that New York law should apply because New York has more meaningful contacts with this case than Michigan. *Id.*

n.2 (Pa. Super. Ct. 1986).  In other words, a defendant's willful or wanton conduct, which gives

"rise to a finding of punitive damages, overrides the application of comparative negligence

principles." *Id.* (*citing Skell v. Crown Am. Corp.*, 670 F. Supp. 153, 155 (W.D. Pa. 1987)).  On

the other hand, New York does not adhere to this exception.  *See generally Arbegast v. Bd. of*

*Educ. of S. New Berlin Cent. Sch.*, 480 N.E.2d 365, 370 (N.Y. 1985) (comparative negligence

statute would apply even where a plaintiff's negligence is the only negligence).  New York courts

permit the application of comparative negligence standards even when the jury has found a

defendant liable for punitive damages.  *See, e.g., Hackert v. First Alert, Inc.*, No. 03-216, 2006

WL 2335230, at *1 (N.D.N.Y. Aug. 11, 2006) (economic damages were proportionally reduced

by plaintiff's comparative negligence where jury also awarded punitive damages); *Comeau v.*

*Lucas*, 455 N.Y.S.2d 871 (App. Div. 1982) (where the defendant engaged in conduct warranting

punitive damages, the court held, *inter alia*, that the trial court properly instructed on

comparative negligence).  Thus, an actual conflict exists between the two jurisdictions' laws.

Having found that an actual conflict exists, this Court must now examine the

governmental policies underlying each law, and classify the conflict as true, false, or unprovided

for.  *See Van Doren*, 592 F. Supp.2d at 782 (*quoting Hammersmith*, 480 F.3d at 229-30).

Cornell does not explicitly characterize the type of conflict regarding this issue, although it does

assert that New York is the more interested jurisdiction.  Plaintiff argues that only Pennsylvania

has an interest in the application of its law, which makes this situation a false conflict.

Pennsylvania's Comparative Negligence Act provides:

> In all actions brought to recover damages for negligence resulting in
> death or injury to person or property, the fact that the plaintiff may
> have been guilty of contributory negligence shall not bar a recovery

by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa. Cons. Stat. § 7102(a).  This statute "is designed to 'balance two **equal** forms of conduct and in so doing allocate the cost in terms of whose action was most responsible for the injury.'" *Burke*, 1989 WL 57340, at *2 (*quoting Krivijanski*, 515 A.2d at 936) (emphasis added).  Further, the statute was designed to "give negligent plaintiffs greater opportunity for recovery" by abolishing the previous standard, pursuant to which any contributory negligence by a plaintiff created a total bar to recovery.  *See Honeywell, Inc. v. Am. Standards Testing Bureau, Inc.*, 851 F.2d 652, 658 (3d Cir. 1988).  "[W]hen willful or wanton misconduct is involved, comparative negligence should not be applied" because of "the longstanding distinction Pennsylvania courts have made between willful or wanton conduct and negligent conduct."  *Krivijanski*, 515 A.2d at 936; *see also Burke*, 1989 WL 57340, at *2-3.  "To involve a comparison of unequal forms of conduct would not fit within this scheme."  *Krivijanski*, 515 A.2d at 938.

New York, on the other hand, has promulgated the following comparative negligence statute:

> In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.

N.Y. C.P.L.R. § 1411 (McKinney 1997).  Because the statute utilizes the term "culpable conduct" instead of negligence, New York courts have stated that "comparative causation" is a

9

more accurate description of the statute. *Arbegast*, 480 N.E.2d at 370.  New York's statute was

implemented "to ameliorate the harsh results [of a previous law which totally barred recovery]

when a plaintiff is slightly negligent and fairly to apportion damages among the parties." *Olmoz*

*v. Wal-Mart Stores, Inc.*, 816 N.Y.S.2d 698 (Sup. Ct. 2006) (*citing Knieriemen v. Bache Halsey*

*Stuart Shields Inc.*, 427 N.Y.S.2d 10, 14 (App. Div. 1980)).

In view of the foregoing, this Court finds that a true conflict exists.  If Pennsylvania's

comparative negligence statute is applied, New York's goal of fairly apportioning damages to

reflect the degree of "culpable conduct" would be impaired.  Moreover, the application of the

Pennsylvania statute would disregard New York's policy of apportioning fault regardless of

whether the parties engaged in negligent, intentional, willful, or wanton conduct.  Similarly, if

New York's statute is applied, Pennsylvania's longstanding distinction between negligent

conduct and willful or wanton conduct would be impaired.  Thus, because both jurisdictions'

interests would be impaired by the application of the other's law, a true conflict exists.  *See Van*

*Doren*, 592 F. Supp.2d at 782.

Having determined that this issue presents a true conflict of laws, this Court must now

determine which state has the greater interest in the application of its law. *See id.*  We turn to the

factors listed in Restatement (Second) of Conflict of Laws § 145.

Applying the Restatement factors, New York has many significant contacts with this

action.  First, the injury at issue occurred on the campus of Cornell University in New York. *See*

Compl. ¶ 8.  Second, Plaintiff alleges that Cornell was negligent for failing to properly monitor,

supervise, warn, staff, instruct, coach, spot, and provide safeguards in Teagle Gymnasium on the

Cornell campus. *See id.* at ¶ 28.  Accordingly, Cornell's allegedly negligent conduct which

caused Plaintiff's injury occurred in New York.  Third, Cornell is an educational institution

located in Ithaca, New York.  Finally, at the time of the injury, Plaintiff was a student at Cornell;

thus, the relationship between Plaintiff and Cornell was centered in New York.  Considering

Plaintiff's status as a student, Plaintiff's presence in New York was not fortuitous, so the site of

the injury assumes greater importance.  *See LeJeune*, 85 F.3d at 1072 (*quoting Shields*, 810 F.2d

at 401).  Moreover, if Pennsylvania's exception to comparative negligence were applied, it would

effectively grant Plaintiff greater relief than New York provides for an injury that occurred in

New York – a result which the Supreme Court of Pennsylvania disfavors.  *See Cipolla*, 267 A.2d

at 856-57.

     Conversely, Pennsylvania's sole contact with the accident arises out of Plaintiff's status

as a resident for a relatively brief period of time, prior to his enrollment at Cornell.

Pennsylvania's only interest in this litigation is to protect its citizen against a negligent

defendant.  *See Carter v. Nat'l R.R. Passenger Corp.*, 413 F. Supp.2d 495, 500 (E.D. Pa. 2005).

Plaintiff's presence in (and contact with) Pennsylvania was relatively brief:  he only attended one

year of high school in Pennsylvania.

     Thus, weighing the importance of the contacts of New York and Pennsylvania, this Court

finds that New York has a more substantial interest in having its law applied.  Accordingly, New

York law applies between Plaintiff and Cornell regarding the effect of willful or wanton conduct

upon comparative negligence.

**B.     Compensatory Damages**

     We turn next to the issue of what states' law will apply in calculating the amount of any

compensatory damage award.  Plaintiff argues that the currently-pending motions for summary

judgment do not raise any issues on Plaintiff's claim for compensatory damages.  Thus, argues

Plaintiff, it is not necessary to make a choice of law determination on this issue at the present

time, and this Court should defer such a ruling.  *See* Pl.'s Resp. 11-13.  Plaintiff asserts that this

issue would be more appropriately raised and addressed in a *motion in limine*.  *Id.* at 13.  In

response, Cornell argues that this issue is ripe for disposition, citing the impending deadlines for

pretrial filings such as pretrial memoranda, *motions in limine*, and jury instructions.  *See*

Cornell's Reply 7.  Cornell asserts that if this issue is not decided now, the parties will be forced

to address each state's law in these pretrial filings.  *Id.*  Cornell further contends that Plaintiff has

waived any challenge to the applicable law for this issue by not providing a substantive argument

in his response.  *See id.* at 7-8.

Upon review, this Court cannot conclude that a choice of law ruling on compensatory

damages is premature.  Pretrial filings, including jury instructions, are to be filed in

approximately one month, by December 23, 2011.  (Doc. No. 116).  Also, the parties must file

*motions in limine* by December 30, 2011.  All parties will benefit from knowing what law will

apply on this compensatory damages issue as they prepare for trial.

However, Plaintiff has not yet filed a substantive response to Cornell's motion on this

discrete issue.[9]  It is indeed true that the issue of compensatory damages is not raised in the

---

[9]  Pursuant to Local Rule 7.1(c), a court may, in its discretion, grant a motion as
uncontested in the absence of a timely response, except for a motion for summary judgment.  *See*
E.D. Pa. R. 7.1(c); *see also Devine v. Primecare Med., Inc.*, No. 09-6023, 2010 WL 2853715, at
*2 (E.D. Pa. July 19, 2010) (*citing McNiff v. Asset Mgmt. Specialists, Inc.*, 337 F. Supp.2d 685,
687 n.2 (E.D. Pa. 2004)).  However, in the exercise of its discretion, a court may choose to reach
the merits of a motion even if unopposed.  *See, e.g., Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, No.
07-4798, 2008 WL 4444253, at *6 (E.D. Pa. Sept. 30, 2008).  To the extent that Cornell argues
that this Court should grant the portion of its motion regarding compensatory damages as
unopposed, this Court declines such an exercise of its discretion based upon the significance of

pending motions for summary judgment, so a ruling on this issue may be deferred until Plaintiff has properly briefed the issue. Plaintiff will be given an opportunity to provide a substantive response on this point.  Accordingly, this Court will deny, without prejudice, Cornell's motion regarding compensatory damages.

## IV.    CONCLUSION

For the foregoing reasons, Cornell's Motion to Establish Applicable Law is **GRANTED in part, and DENIED in part**.  First, regarding the effect of punitive damages upon the application of comparative negligence, Cornell's motion is granted.  Second, regarding compensatory damages, Cornell's motion is denied without prejudice, pending the filing of Plaintiff's supplemental response.  Finally, regarding the remaining issues, Cornell's motion is granted as unopposed.

An appropriate Order follows.

BY THE COURT:


/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

the issue.